IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD WILLIAMS,

    Petitioner,                      No. CIV S-07-1927 JAM EFB P

    vs.

BOARD OF PAROLE HEARINGS,
et al.,

                                    ORDER AND
    Respondents.           FINDINGS AND RECOMMENDATIONS
_____/

       Petitioner, a former state prisoner proceeding without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. At the time the petition was filed, petitioner was incarcerated at Deuel Vocational Institution on a parole violation charge. Petitioner claims that his *Valdivia* due process rights were violated during parole revocation proceedings in 2007. *See Valdivia v. Davis*, 206 F. Supp. 2d 1068, 1078 (E.D. Cal. 2002). On May 20, 2008, respondent moved to dismiss the petition upon the ground that petitioner failed to exhaust state remedies. Petitioner did not file an opposition brief. On June 5, 2008, however, petitioner requested a stay until the court addresses petitioner's October 16, 2007 notice of related cases. For the reasons stated below, the court denies petitioner's request for a stay and finds that respondent's motion to dismiss should be granted.

**I. Request for A Stay**

      On October 16, 2007, petitioner filed a notice of related cases pursuant to Local Rule 83-123, requesting that this court relate this action to the *Valdivia* action, Case No. Civ. S-94-0671

1

LKK GGH.  Thereafter, on June 5, 2008, petitioner requested a stay until the court addresses petitioner's notice of related cases.  However, neither the notice of related cases nor the request for stay excuse petitioner's failure to file an opposition or a statement of no opposition to respondent's motion, in accordance with the Local Rules.  *See* L.R. 78-230(c), (m).  In light of the recommendation herein that the motion to dismiss be granted, the court will not address the incomplete notice of related cases.[1]  Thus, petitioner's request for a stay pending resolution of his notice of related cases, is denied.

**II.  Motion to Dismiss for Failure to Exhaust**

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement by presenting the "substance of his federal habeas corpus claim" to the state courts. *Picard v. Connor*, 404 U.S. 270, 278 (1971) (no exhaustion where the petitioner presented operative facts but not legal theory to state courts); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995) (to exhaust a claim, a state court "must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution").  A claim is unexhausted if any state remedy is available. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (petitioner must seek discretionary review from state court of last resort); *Roberts v. Arave*, 874 F.2d 528, 529 (9th Cir. 1988) (no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court).  Unless the respondent specifically

---

[1] Local Rule 83-123(b) provides that a party "who has reason to believe that an action on file or about to be filed is related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file *in each action* and serve all parties in each action a Notice of Related Cases."  L.R. 83-123(b) (emphasis added).  It appears that petitioner did not comply with the requirements of Local Rule 83-123, and only filed a notice of related cases in this action.

2

consents to the court entertaining unexhausted claims, a petition containing such claims must be dismissed. *See* 28 U.S.C. § 2254(b)(3); *Picard*, 404 U.S. at 275. For a California prisoner to exhaust, he must present his claims to the California Supreme Court on appeal in a petition for review or on post-conviction in a petition for a writ of habeas corpus. *See Carey v. Saffold*, 536 U.S. 223, 239-40 (2002) (describing California's habeas corpus procedure); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999) (to exhaust, prisoner must present claims on appeal to California Supreme Court in a petition for review).

Here, petitioner essentially concedes that he has not exhausted his claims. On page two of the petition, petitioner checked the "yes" box in response to the question asking whether he had appealed from the judgment. He explained this response, however, by stating that "per *Valdivia* . . . this petition is my appeal." Pet. at 2. Furthermore, on page three of the petition, he checked the "no" box in response to the question asking whether, other than a direct appeal, he had previously filed any petitions, applications or motions with respect to this judgment in any court, state or federal. *Id.* at 3. It appears from the petition that petitioner may believe that under the *Valdivia* injunction, he is either not required or not permitted to exhaust state remedies. *See id.* at 2 (stating that "per *Valdivia* . . . this petition is my appeal"); *see also id.* at 4 (explaining that he did not appeal from the adverse action on any petition, application, or motion because under *Valdivia*, his "only appeal remedy is a habeas petition.").[2] Petitioner must, however, exhaust his state remedies in the state courts before seeking federal habeas relief. *See Byes v. BPT State of Cal.,* 2008 U.S. Dist. LEXIS 24483, at *4 (C.D. Cal. Feb. 11, 2008) (while it is no longer necessary "to file administrative appeals of most parole decisions, . . . the [*Valdivia*]

---

[2] Petitioner also states, "[t]his petition is being brought to the *Valdivia* court because it retained jurisdiction to enforce the *Valdivia* agreement." Pet. at 4; *see also id.* at 17 (where, in an exhibit to the petition, petitioner requests that his parole hearing be supervised to "ensure compliance with the *Valdivia* permanent injunction.") However, rather than filing a motion in that action to enforce the decree he has, instead, presented what purports to be an original application for habeas relief. *See id.* at 17 (where, in the same exhibit to the petition, petitioner asserts that "[t]he remedy for this violation of my due process rights and the law is to immediately lift my parole hold and release me.").

settlement did not excuse petitioner from the federal statutory requirement of having to exhaust his state remedies in the state courts before seeking federal habeas relief."). Since petitioner has not exhausted state court remedies by presenting his claims to the California Supreme Court, the pending habeas petition should be dismissed without prejudice.

Accordingly, it is hereby ORDERED that petitioner's request to stay this action (docket no. 16) is denied.

Further, it is hereby RECOMMENDED that respondent's motion to dismiss this action (docket no. 15) be granted and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 5, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE